1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                         **EASTERN DISTRICT OF CALIFORNIA**

10

11   RALPH G. GONZALES,                    )   Case No.: 1:17-cv-00318-JLT (HC)
                                           )
12               Petitioner,               )   ORDER DIRECTING CLERK OF COURT TO
                                           )   ASSIGN DISTRICT JUDGE TO CASE
13         v.                              )
                                           )   FINDINGS AND RECOMMENDATION TO
14                                         )   DISMISS PETITION FOR FAILURE TO STATE A
                                           )   CLAIM
15   DEBBIE ASUNCION, Warden,              )
                                           )
16               Respondent.               )   [TWENTY-ONE DAY OBJECTION DEADLINE]
                                           )
17

18         Petitioner has filed a habeas petition challenging his 2008 judgment and sentence.  Following a

19   preliminary review of the petition, it appears that the petition fails to present a prima facie claim for

20   relief.  Therefore, the Court will recommend that the petition be **SUMMARILY DISMISSED**.

21   **I.        PROCEDURAL HISTORY**

22         On October 30, 2008, Petitioner was convicted in the Merced County Superior Court of driving

23   under the influence, driving with a suspended license, and failure to provide financial responsibility.

24   (Doc. 1.)  Three prior strikes were also found true.  (Doc. 1.)  He was sentenced under California's

25   Three Strikes law (Cal. Penal Code §§ 667(b)-(i) and 1170.12(a)-(d)) to a term of 28-years-to-life.

26   Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"), and the

27   appeal was denied on October 29, 2012.  It further appears that he petitioned for review to the

28   California Supreme Court but the petition was denied.

                                                    1

1     Years later, Petitioner filed a petition for writ of habeas corpus in the Merced County Superior

2  Court.  (Doc. 1.)  The superior court denied the petition on October 28, 2015.  (Doc. 1.)  He then filed

3  a petition in the Fifth DCA, and the petition was denied on March 6, 2016.  (Doc. 1.)  Finally, he filed

4  a petition for writ of habeas corpus in the California Supreme Court, and the petition was denied on

5  November 7, 2016.  (Doc. 1.)

6     Petitioner filed his initial federal petition in this Court on March 6, 2017.  (Doc. 1).  He raises

7  five claims for relief which he states he presented in his state habeas proceedings: 1) The sentence was

8  illegal and unauthorized in violation of his constitutional rights because the state court violated prior

9  plea agreements in his 1979, 1985, and 1992 convictions; 2) The prosecutor committed misconduct by

10  using the 1979, 1985, and 1992 convictions by plea agreement as strikes; 3) The trial court went

11  outside its judicial discretion and violated the plea agreements by sentencing him under new statutes;

12  4) Defense counsel was ineffective in failing to raise the issue of unauthorized sentence; and 5)

13  Defense counsel failed to adhere to Petitioner's warnings concerning the breach of his prior plea

14  agreements.

15  **II.     DISCUSSION**

16     A.  Preliminary Review of Petition

17     Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary

18  review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it

19  plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

20  the district court . . . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory

21  Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus,

22  either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

23  answer to the petition has been filed.

24     B.  Failure to State a Prima Facie Claim for Relief

25     The foundation for all of Petitioner's grounds for relief is his claim that his federal

26  constitutional right to due process was violated by the use of his three prior convictions to enhance his

27  current sentence.  He states he entered into plea agreements in 1979, 1985, and 1992, wherein he was

28  advised that in addition to his sentence, if he sustained another serious felony conviction in the future,

1    he would be subject to a one or five year enhancement to run consecutively to any other sentence.

2    When he sustained his 2008 conviction, he was sentenced under California's Three Strikes law (Cal.

3    Penal Code §§ 667(b)-(i) and 1170.12(a)-(d)) to a term of 28-years-to-life.  He argues that this

4    sentence violated the terms of his prior plea agreements.

5         In Santobello v. New York, 404 U.S. 257, 262 (1971), the Supreme Court held that, "when a

6    plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said

7    to be part of the inducement or consideration, such promise must be fulfilled."  This rule has been

8    regularly and consistently invoked and applied in the Ninth Circuit.  See, e.g., United States v.

9    Camper, 66 F.3d 229, 232 (9th Cir.1995); United States v. De La Fuente, 8 F.3d 1333, 1340 (9th

10   Cir.1993); United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir.1979).

11        Here, however, no such promise or agreement is at issue.  Although Petitioner was advised that

12   he may face collateral consequences in the future for any future conviction, the use of his prior

13   convictions to enhance his 2008 sentence did not violate the terms of his prior plea agreements.  The

14   use of the 1979, 1985, and 1992 convictions to enhance the petitioner's 2008 sentence did not alter or

15   increase his punishment for the prior convictions because such enhancement was not punishment for

16   the prior offenses but rather a stiffened penalty for Petitioner's subsequent 2008 offense.  See Monge

17   v. California, 524 U.S. 721, 728 (1998).

18        Moreover, the prospective use of the prior convictions to enhance the sentence for future

19   convictions cannot be deemed a bargained-for term of those prior plea agreements because they were

20   not matters subject to negotiation.  Rather, the prospective use of the prior convictions to enhance the

21   sentence for future convictions was merely a collateral consequence of those prior convictions, and

22   Petitioner did not have a due process right to be advised of all the possible collateral consequences on

23   entering into his guilty plea.  See Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.1988); see also United

24   States v. Delgado–Ramos, 635 F.3d 1237, 1239 (9th Cir.2011); United States v. Brownlee, 915 F.2d

25   527, 528 (9th Cir.1990); Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), cert. denied, 484

26   U.S. 870 (1987).

27        Therefore, Petitioner fails to demonstrate how the state court rejection of his claims concerning

28   his prior plea agreements could be contrary to or involved an unreasonable application of clearly

established federal law, as determined by the United States Supreme Court.  Because he fails to state a cognizable claim for relief, and amendment of the claim would be futile, the Court recommends that the petition be summarily dismissed.

**III.    ORDER**

The Clerk of Court is **DIRECTED** to assign a District Judge to this case.

**IV.    RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the petition for writ of habeas corpus be **SUMMARILY DISMISSED** with prejudice for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, Petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    **March 30, 2017**              _____ **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE

4